## MOORE vs. MURRAH.

[BILL IN EQUITY FOR SPECIFIC PERFORMANCE OF CONTRACT.]

1. *Who are necessary parties to bill.*—Where a bill seeks the specific performance of a contract relating to real estate, and a divestiture of the legal title which was in a decedent, his heirs-at-law are necessary parties to the bill.

2. *Premature submission of cause; dismissal without prejudice.*—When a cause is prematurely submitted, on pleadings and proof, infants who are necessary parties defendants not having been brought before the court, the chancellor may either set aside the submission, and remand the cause to the docket, or he may dismiss the bill; but, if

Moore v. Murrah.

the proof shows that the complainant has any claim to relief, the dismissal should be without prejudice; and if he dismisses the bill on the merits, without noticing the defect, the appellate court will reverse his decree, and render such decree as he ought to have rendered.

3. *Agreement of record, waiving irregularities.*—An agreement of record, between the counsel of the appellant and appellee, waiving all irregularities, and consenting to try the cause upon the merits of the decree and testimony, will not be allowed the effect of putting the chancellor in error, nor of requiring the appellate court to dispose of the cause on its merits, when it appears that there are infants who are necessary parties, and who were not brought before the court.

APPEAL from the Chancery Court of Limestone.
Heard before the Hon. JOHN FOSTER.

THE bill in this case was filed, on the 10th December, 1858, by James Moore, against the personal representatives, widow, and children and heirs-at-law of Amos B. Murrah, deceased; and sought the specific performance of a contract, by which, as alleged in the bill, Murrah agreed to advance the money necessary to enter a tract of land of which said Moore was in possession, and to which he had a pre-emption right, take the title from the government in his own name, and convey to said Moore on repayment of the purchase-money. The bill alleged, that Murrah entered the land in his own name, pursuant to the terms of the contract, and always recognized and admitted Moore's claim; that he died without having made a conveyance of the title, although he had received full payment of the purchase-money; and that his administrators refused to convey, and denied Moore's rights under the contract. Several of Murrah's heirs-at-law were described as infants and minors, and process of subpœna was prayed against all the defendants; but the record nowhere shows the service of process on any of the defendants, nor the appointment of a guardian *ad litem* for the infants. Answers were filed by the widow, the administrators, and one of the adult heirs-at-law, denying all knowledge of the alleged contract, and alleging that the complainant held possession of the land merely as the tenant of Murrah. The cause was submitted for a final decree, on pleadings and proof, at the May term, 1860, when the chancellor rendered a decree dismiss-

ing the bill; holding that the contract between the complainant and Murrah, as proved, was intended to defraud the creditors of the former, and that its terms were too indefinite and uncertain to justify a decree for specific performance. The chancellor's decree is now assigned as error; and there is an agreement of record, signed by the counsel of both parties, to the effect that they "waive all irregularities, and agree to try the cause upon the merits of the decree and the testimony."

WM. H. WALKER, for the appellant.
LUKE PRYOR, *contra.*

BYRD, J.—1. The heirs of Amos B. Murrah, deceased, are necessary parties defendant, in order to entitle appellant to the relief he seeks.—Story's Eq. Pl. § 177 *a.*

2. It does not appear that the infant heirs of Murrah were served with process, or that a guardian *ad litem* was appointed to make defense for them. The submission of the cause was, therefore, premature. The chancellor could have set it aside, and required them to have been made parties, according to the rules and practice of the court. But this is a matter of discretion, which this court will not review. The court is not bound to protect a party against the consequences of a premature submission of his cause. As it was discretionary with the court to set aside the submission, or to dismiss the bill on account of the failure to make the infant heirs of Murrah parties, the decree of the chancellor cannot be reversed and remanded. In our opinion, the chancellor should have dismissed the bill without prejudice to appellant. Without intimating any opinion on the merits of the cause, he may be entitled on another bill to some remedy under the authority of the case of *Goodwin v. Lyon*, (4 Porter, 297,) if not to a specific performance of the contract set out.

3. There is an agreement of counsel, endorsed on the record, by which they agree to waive all irregularities, and to try the case upon the merits of the decree and testimony. This agreement cannot aid the defect alluded to. If the chancellor properly dismisses a cause, no subsequent agree-

ment of counsel can put him in error. Nor do we think it proper to pass upon the merits of the cause, in the absence of any one authorized by law to represent the infant heirs of Murrah.

We will reverse and render a decree according to the practice of this court in such cases. The following entry will be made : It is ordered and adjudged, that the decree of the chancellor be reversed, and that the bill be dismissed without prejudice, and that appellant pay the costs of the court below, and that he and his surety for the costs of the appeal pay the costs of this court.